# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40810
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2020

Lyle W. Cayce
Clerk

JEROME RANDLE,

Plaintiff-Appellant

v.

J. SLOAN; NORRIS JACKSON; JEFFREY CATOE; B. PARKER; WILLIAM
WHEAT; DANIEL CHOATE; PAM PACE,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-459

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jerome Randle, Texas Prisoner # 1922498, filed a civil-rights complaint
against prison officials under 42 U.S.C. § 1983. His claims were for denial of
due process, cruel and unusual punishment, deliberate indifference, denial of
grievances, lack of access to the courts, and excessive use of force. After the
screening stage, all claims were dismissed except those against Captain Daniel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-40810

Choate and Warden Norris Jackson for deliberate indifference and against Captain Choate for excessive use of force. *See* 28 U.S.C. § 1915A. The State then moved for summary judgment on the ground that Randle failed to exhaust his administrative remedies. The district court granted summary judgment on that basis. Randle appeals from both rulings.

Randle fails to give meaningful briefing on any of his objections to the district court's dismissal of his claims against Warden Jackson and Captain Choate for failure to exhaust his administrative remedies. Likewise, Randle does not meaningfully brief the Section 1915A dismissal of his claims for cruel and unusual punishment, lack of access to the courts, or denial of grievances. In failing to brief the issues or identify any error in the district court's dismissal of the claims, Randle has abandoned the claims on appeal. *See Brinkmann v. Dallas Cnty Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review *de novo* the district court's dismissal of the remaining claims, which are denial of due process and deliberate indifference, applying the same standard used in reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). After amending his complaint, Randle fails to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). As to the due process claims, Randle did not have a protected liberty interest at stake and therefore could not complain of a denial of due process. *See Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010). Regarding his medical-care claim, Randle did not plead substantial harm resulting from delay in care. *See Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018).

The district court's § 1915A dismissal and summary judgment dismissal of the claims against defendants are AFFIRMED.